UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Twin City Pipe Trades Service<br>Association, Inc., a Minnesota<br>non-profit corporation, | Civil File No.  13-cv- |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Foremost Mechanical Corporation,<br>a Minnesota business corporation, | |
| Defendant. | |

_____

Plaintiff Twin City Pipe Trades Service Association, Inc., for its complaint against Defendant, states and alleges as follows:

1. This is a suit to enforce the requirements of employee benefit plans established and maintained by employers engaged in commerce or an industry or an activity affecting commerce, within the meaning of Section 4 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1003, as amended (hereinafter referred to as the "Act").

2. Jurisdiction of this action is conferred upon the Court by Section 502 of the Act, 29 U.S.C. §1132 and §306(a) of the Multi-Employer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §1145.

3. Defendant Foremost Mechanical Corporation ("Foremost") is a Minnesota limited business corporation with its principal place of business within the State of Minnesota, at 1636 Gervais Ave. E, Suite 15, Maplewood, MN 55109.

4.     Defendant has been at all material times a party to collective bargaining agreements with one or more of the area Plumbers and Pipefitters Unions, including Local No. 34 and Local No. 539 (the "Locals"), which are union locals participating in the Twin City Pipe Trades fringe benefit funds.

5.     Defendant is and has been, at all material times herein, an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. §1003, as amended.

6.     Pursuant to the terms of the collective bargaining agreement between Defendant Foremost and the Locals, the Defendant is required to make contributions on behalf of each of its employees who perform work covered by the collective bargaining agreements for the purpose of funding various employee fringe benefit plans.

7.     The employee benefit plans are established and maintained pursuant to trust agreements and the requirements of 29 U.S.C. §1102 and §1103 for the purposes of providing pension, hospital, medical, disability, death, and associated benefits for members of the Locals.

8.     Plaintiff Twin City Pipe Trades Service Association, Inc. ("Service Association") is a Minnesota non-profit corporation, with its principal place of business in St. Paul, Minnesota.

9.     Plaintiff is designated by the trust agreements sponsoring the benefit plans and the collective bargaining agreements to receive all fringe benefit contributions that are made by area employers in the plumbing and pipefitting industry, including the Defendant, for purposes of funding the various plans.  The Plaintiff is responsible for distributing the employer fringe benefit contributions into the various employee benefit plans and to administer the plans according to the respective terms of those plans.

10. The collective bargaining agreements between the Defendant and the Locals require covered employers to be bound by the provisions of the trust agreements through which the employee benefit plans are established and administered.

11. The trust agreements through which the employee benefit plans are maintained require employer contributions to be made by the 15th of the month following the month in which the covered employee worked. Contributions due but not received by the 15th of the month are considered delinquent. Contributions not received by the 20th of the month are subject to a liquidated damage assessment pursuant to 29 U.S.C. §1132 of three percent of the unpaid contributions. Contributions that have not been received within ten days of the 20th of the month are subject to a liquidated damages assessment of ten percent of the unpaid contributions. The collective bargaining agreements contain the same requirements regarding the timing of contribution payments and the imposition of liquidated damages.

12. Liquidated damages that have been assessed are due by the 20th of the month following the date on which the underlying contributions are due and are additional fringe benefit contributions due to the funds.

13. Defendant Foremost is delinquent in paying to Plaintiff Service Association amounts due pursuant to its collective bargaining agreements with the Locals. Foremost submitted late contributions throughout several months of 2012, and has not made any contributions for work performed during February 2013 through May 2013 and on a continuing basis. Contributions for June are due within the next two weeks.

14. Defendant Foremost has not disclosed the amount of work performed by Foremost employees during February 2013 through the present that is subject to the collective bargaining agreement with the Locals.

15. During the months August 2012 through January 2013, Defendant Foremost's monthly contributions averaged approximately $10,300.00.

16. Defendant Foremost owes contributions of approximately $51,500.00 for February 2013 through May 2013 in addition to the likely delinquent June 2013 payment, based upon the average monthly contributions from August 2012 – January 2013, and that amount will increase as additional contributions become due.

17. Defendant Foremost owes liquidated damages on unpaid contributions for February through June 2013 of at least $5,150.00, which are additional contributions due to the funds. Additionally, Defendant Foremost owes liquidated damages on the contributions that were paid late in January 2013, which amounts to $912.45.

18. The Plaintiff is a fiduciary with respect to the employee benefit plans it administers and is authorized to sue, pursuant to 29 U.S.C. §1132, for an employer's failure to make payments as required to the employee benefit plans. Plaintiff is further entitled to collect from Defendant Foremost interest on the unpaid amounts and reasonable attorney fees and costs of this action, pursuant to 29 U.S.C. §1132(g).

19. The collective bargaining agreements between the Locals and Defendant Foremost authorize a permanent injunction directing that future contributions be made timely and on a weekly basis, and that the Defendant employers post a bond sufficient to provide for three months future contributions if the defendant employers are delinquent once in a twelve month period.

20. Defendant Foremost has been repeatedly delinquent in making fringe benefit contributions pursuant to the terms of the collective bargaining agreement as a result of its non-payment or late payment of contributions starting in February 2013.

21. The interest, welfare and security of the union employees of Defendant Foremost and all other members of the fringe benefit plans are imperiled by Defendant Foremost failure to make timely payments to the Plaintiff.

22. By reason of the foregoing, Defendant Foremost owes Plaintiff Service Association an amount exceeding $57,562.00, together with interest, and its reasonable attorney fees and costs incurred in pursuing this action.

WHEREFORE, Plaintiff requests the following relief:

1. Judgment in favor of the Plaintiff Twin City Pipe Trades Service Association against Defendant Foremost Mechanical Corporation in an amount of at least $57,562.00, to be proven hereafter, together with interest, its costs and reasonable attorney fees.

2. Issuance of a permanent injunction in favor of the Plaintiff Twin City Pipe Trades Service Association, Inc. against Defendant Foremost Mechanical Corporation, requiring that Defendant Foremost Mechanical Corporation make weekly contributions to Plaintiff for fringe benefit contributions due not later than three (3) working days (excluding Saturdays, Sundays and holidays) after the close of the period for which contributions are due pursuant to the terms of the collective bargaining agreements between Foremost and the Locals and to post a bond in the amount of $30,900.00 as security for three months future contributions to Plaintiff.

3. For such further relief as the Court deems just and equitable.

                                      HESSIAN & McKASY, P.A.

Dated: July 3, 2013            By      s/Laura A. Henderson
                                          William A. Cumming, #175067
                                          Laura A. Henderson, #392758
                                          4000 Campbell Mithun Tower
                                          222 South Ninth Street
                                          Minneapolis, MN  55402-3801
                                          (612) 746-5757
                                          wcumming@hessianmckasy.com
                                          laura.henderson@hessianmckasy.com
                                          jlindstedt@hessianmckasy.com